1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   JOSHUA A. SOTO,                    )   No. C 15-02024 BLF (PR)
                                        )
     Plaintiff,                         )   **ORDER OF PARTIAL SERVICE;**
12                                      )   **DISMISSING CLAIMS WITH**
     v.                                 )   **LEAVE TO AMEND; DIRECTING**
13                                      )   **DEFENDANTS TO FILE**
                                        )   **DISPOSITIVE MOTION OR NOTICE**
14   WARDEN OF SALINAS VALLEY           )   **REGARDING SUCH MOTION;**
     STATE PRISON, et al.,              )   **INSTRUCTIONS TO CLERK**
15                                      )
     Defendants.                        )
16                                      )
17   _____ )

18        Plaintiff, a state prisoner at Salinas Valley State Prison ("SVSP") in Soledad,

19   California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's

20   motion for leave to proceed *in forma pauperis* will be granted in a separate order.  His

21   complaint is now before the Court for review under 28 U.S.C. § 1915A.

22

23                              **DISCUSSION**

24   **A.    Standard of Review**

25        A federal court must conduct a preliminary screening in any case in which a

26   prisoner seeks redress from a governmental entity or officer or employee of a

27   governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify

28   any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

1   claim upon which relief may be granted or seek monetary relief from a defendant who is
2   immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must, however, be
3   liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.
4   1990).

5         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
6   elements: (1) that a right secured by the Constitution or laws of the United States was
7   violated, and (2) that the alleged violation was committed by a person acting under the
8   color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

9   **B.   Plaintiff's Claims**

10         According to the complaint, on June 26, 2014, named defendants Correctional
11   Officers Peffley and Bittner ran over to Plaintiff's cell and ordered Plaintiff and his
12   cellmate to get down. (Docket No. 1 at 10.) Plaintiff complied with the officers' orders.
13   (*Id.* at 10 and 37–38.) Officer Peffley then threw a tear gas grenade into Plaintiff's cell
14   via the cell door's food slot. (*Id.* at 3 and 10.) The grenade exploded, causing Plaintiff's
15   clothing to catch on fire and resulting in severe burns to Plaintiff's legs. (*Id.* at 3 and
16   10–12.) Plaintiff jumped up, screaming. (*Id.* at 11.) Officers Peffley and Bittner, and
17   named defendant Correctional Officer Hernandez, as well as other unidentified
18   correctional officers, sprayed Plaintiff with propellant "O.C. Pepper Spray," which caused
19   the flames to accelerate. (*Id.* at 11.)

20         Defendants conspired to hide evidence of the fire that was caused by the tear gas
21   grenade. (Docket No. 1 at 13.) Named defendant Correctional Lieutenant J. Stevenson
22   reviewed all reports related to this incident and edited the incident reports to hide the fact
23   that the use of the grenade set Plaintiff on fire. (*Id.* at 11.) Named defendant Sergeant
24   Correa also failed to include in his incident report that the use of the grenade set Plaintiff
25   on fire, and failed to direct Correctional Officers G. Singh, M. Godinez and A. Gutierrez,
26   who are non-parties to this action, to include this fact in their incident reports. (*Id.* at
27   11–12.)

28         On June 28, 2014, Plaintiff was issued a rules violation report ("RVR") for

1   possessing a firearm in the prison. (Docket No. 1 at 7.) Plaintiff alleges that this RVR

2   falsely accused him of firearm possession in order to justify Defendants' use of the

3   grenade. (*Id.* at 11 and 15–16.) Plaintiff waited until the hearing process related to this

4   RVR was completed before filing a grievance regarding Defendants' use of excessive

5   force. (*Id.* at 8.) Plaintiff alleges that his grievance was improperly denied as untimely,

6   as part of a conspiracy to cover up Defendants' use of excessive force. (*Id.* at 8–9 and

7   17–18.)

8        Plaintiff names as defendants Officers Bittner, Peffley, and Hernandez;

9   Correctional Lieutenant J. Stevenson; Sergeant Correa; Inmate Appeals Coordinator

10  Martella; Inmate Appeals Chief Voong; and SVSP Warden. He alleges that all

11  defendants are liable pursuant to 42 U.S.C. §§ 1983, 1985, for conspiracy to violate his

12  civil rights. (Docket No. 1 at 13.) He alleges that Officers Bittner, Peffley, and

13  Hernandez used excessive force on him, in violation of the Eighth Amendment. (*Id.* at

14  14–16.) He alleges that SVSP Warden violated his constitutional rights by approving an

15  operational plan that allowed for the use of an explosive device. (*Id.* at 14.) He alleges

16  that Officers Hernandez and Peffley made false reports to hide the use of excessive force.

17  (*Id.* at 16.) He alleges that Inmate Appeals Coordinator Martella, and Inmate Appeals

18  Chief Voong abused the screening process in order to cover up the use of excessive force.

19  (*Id.* at 17–18.) Plaintiff also brings suit against Doe Defendants 1–10 yet to be named.

20  (*Id.* at 10.)

21       Plaintiff seeks injunctive relief prohibiting defendants from using explosive

22  devices "in that manner for such a frivolous reason," (Docket No. 1 at 3); a declaration

23  that Defendants violated his constitutional rights in exploding a tear gas grenade in his

24  cell, (*id.* at 19); monetary, compensatory and punitive damages, (*ibid.*); cost and fees,

25  (*ibid.*); and any other relief the Court deems just and proper (*ibid.*).

26  **C.   Discussion**

27       1.   Eighth Amendment Claims

28       The treatment a prisoner receives in prison and the conditions under which he is

confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (citation and internal quotation marks omitted). Where prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992); *see also Whitley*, 475 U.S. at 320–21; *Jeffers v. Gomez*, 267 F.3d 895, 912–13 (9th Cir. 2001) (applying "malicious and sadistic" standard to claim that prison guards used excessive force when attempting to quell a prison riot, but applying "deliberate indifference" standard to claim that guards failed to act on rumors of violence to prevent the riot).

A prison official also violates the Eighth Amendment if the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Therefore, an official can be liable for failing to intervene if he or she is present when another official uses excessive force against a prisoner. *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995); *see also Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003) (evidence of sergeant's presence during the use of excessive force and sergeant's failure to bring his subordinates under control could support liability under § 1983); *Fundiller v. Cooper City*, 777 F.2d 1436, 1441–42 (11th Cir. 1985) ("It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983. Rather, an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.").

In addition, the Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer*, 511 U.S. at 832. Allegations in a *pro se* complaint sufficient to raise an inference that the named prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to

1    take reasonable measures to abate it state a failure-to-protect claim. *See Hearns v.*
2    *Terhune*, 413 F.3d 1036, 1041–42 (9th Cir. 2005) (citing *Farmer*, 511 U.S. at 847).  To
3    be liable for unsafe prison conditions under the Eighth Amendment, a supervisor must
4    have known that there was a substantial risk that his or her actions (e.g. substandard
5    training, supervision, policy creation) would cause inmates harm, and there must be a
6    causal connection between the supervisor's actions and the plaintiff's harm. *See, e.g.,*
7    *Jeffers*, 267 F.3d at 914–16 (director of state prison system who had modified the use of
8    force policy to decrease number of prison shootings was entitled to qualified immunity
9    for shootings during prison riot under new policy); *see also id.* at 916–18 (warden present
10   at time of riot entitled to qualified immunity because no evidence that prison policies he
11   followed regarding training, housing of inmates, selection of weapons were
12   unconstitutional).

13            Liberally construed, the allegations in the complaint state the following cognizable
14   Eighth Amendment claims: Officers Peffley's and Hernandez's use of a gas grenade and
15   propellant "O.C. Pepper Spray" in Plaintiff's cell on June 26, 2014 constituted excessive
16   force; Officer Bittner's failure to intervene during Officers Peffley's and Hernandez's use
17   of excessive force constituted deliberate indifference to inmate safety; and SVSP
18   Warden's authorization of the use of explosive devices constituted deliberate indifference
19   to inmate safety.

20            2.    <u>False Reports</u>
21            Plaintiff alleges that Officers Hernandez and Peffley made false reports in order to
22   justify their use of the grenade.  Allegations that officials engaged in a cover-up state a
23   constitutional claim if the cover-up deprived plaintiff of his right of access to courts by
24   causing him to fail to obtain redress for the constitutional violation that was the subject of
25   the cover-up. *See Karim–Panahi v. Los Angeles Police Dep't.*, 839 F.2d 621, 625 (9th
26   Cir. 1988) (cover-up "allegations may state a federally cognizable claim provided that
27   defendants' actions can be causally connected to a failure to succeed in the present
28   lawsuit.").  A cover-up claim is premature when, as here, the plaintiff's action seeking

1   redress for the underlying constitutional violations remains pending. *See Karim–Panahi*,

2   839 F.2d at 625 (claim alleging police cover-up of misconduct was premature when

3   action challenging misconduct was pending); *see also Rose v. Los Angeles*, 814 F.Supp.

4   878, 881 (C.D. Cal. 1993) ("Because the ultimate resolution of the present suit remains in

5   doubt, [p]laintiff's cover-up claim is not ripe for judicial consideration.")

6          Here, if Plaintiff succeeds on his Eighth Amendment claims, then Plaintiff will

7   have suffered no injury caused by Hernandez's and Peffley's false reports.  If, however,

8   Plaintiff does not succeed on his Eighth Amendment claims, then Hernandez and Peffley

9   may have successfully impeded Plaintiff's right of access to the courts.  Accordingly, the

10  Court finds that Plaintiff's cover-up claim is not ripe until he can show that his underlying

11  suit — his pending Eighth Amendment claims — has failed.  Because Plaintiff has not yet

12  suffered harm as a result of Hernandez's and Peffley's alleged cover-up, Plaintiff's

13  cover-up claim against Hernandez and Peffley should be dismissed without prejudice.

14          3.      Abuse of the Appeals Process

15          Plaintiff agrees that his grievance was untimely filed.  (Docket No. 1 at 18.)

16  However, he claims that Inmate Appeals Coordinator Martella and Inmate Appeals Chief

17  Voong's refusal to exercise their discretion to accept his untimely grievance was an abuse

18  of the appeals process and was done to cover up the use of excessive force. (*Id.* at

19  17–18.)  As an initial matter, there is no liberty interest in the processing of inmate

20  appeals. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (denying claim of loss

21  of a liberty interest in processing of inmate appeal because inmates lack a separate

22  constitutional entitlement to a specific prison grievance procedure).  As a factual matter,

23  since Martella and Voong properly rejected his grievance pursuant to prison regulations,

24  specifically section 3084.6(c)(4) of the California Code of Regulations, title 15, their

25  rejection of his grievance cannot be considered an abuse of the appeals process.

26  Accordingly, Plaintiff fails to state a claim against Inmate Appeals Coordinator Martella

27  and Inmate Appeals Chief Voong for abuse of the appeals process.  Nor has Plaintiff

28  stated a cognizable § 1983 claim against Inmate Appeals Coordinator Martella and

1  Inmate Appeals Chief Voong for conspiracy, as discussed below.  The claims against
2  Inmate Appeals Coordinator Martella and Inmate Appeals Chief Voong are DISMISSED
3  with prejudice.

4       4.   <u>Conspiracy</u>

5       A conspiracy claim brought under § 1983 requires proof of "'an agreement or
6  meeting of the minds to violate constitutional rights,'" *Franklin v. Fox*, 312 F.3d 423, 441
7  (9th Cir. 2001) (quoting *United Steel Workers of Am. v. Phelps Dodge Corp.*, 865 F.2d
8  1539, 1540–41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of
9  constitutional rights, *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting
10 *Woodrum v. Woodward County, Oklahoma*, 866 F.2d 1121, 1126 (9th Cir. 1989)).  "'To
11 be liable, each participant in the conspiracy need not know the exact details of the plan,
12 but each participant must at least share the common objective of the conspiracy.'"
13 *Franklin*, 312 F.3d at 441 (quoting *United Steel Workers*, 865 F.2d at 1541).
14 The federal system is one of notice pleading, and the court may not apply a heightened
15 pleading standard to Plaintiff's allegations of conspiracy.  *Empress LLC v. City and*
16 *County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005); *Galbraith v. County of*
17 *Santa Clara*, 307 F.3d 1119, 1126 (2002).  However, although accepted as true, the
18 "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative
19 level . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A plaintiff must set
20 forth "the grounds of his entitlement to relief[,]" which "requires more than labels and
21 conclusions, and a formulaic recitation of the elements of a cause of action . . . " *Id.*

22      Conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983.  *Lacey v.*
23 *Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc).  It does not enlarge the
24 nature of the claims asserted by the plaintiff, as there must always be an underlying
25 constitutional violation.  *Id.*  Conspiracy may, however, enlarge the pool of responsible
26 defendants by demonstrating their causal connection to the violation; the fact of the
27 conspiracy may make a party liable for the unconstitutional actions of the party with
28 whom he has conspired.  *Id.*  Conspiracy in § 1983 actions is usually alleged by plaintiffs

1  to draw in private parties who would otherwise not be susceptible to a § 1983 action

2  because of the state action doctrine, or to aid in proving claims against otherwise

3  tenuously connected parties in a complex case. *Id.*

4      Plaintiff alleges that Lieutenant Stevenson, Sergeant Correa, and Officers Peffley

5  and Hernandez conspired to cover up the use of excessive force by deliberately omitting

6  from incident reports the fact that Plaintiff had been set on fire by the use of a grenade.

7  Liberally construed, this states a conspiracy claim under § 1983 against Lieutenant

8  Stevenson, Sergeant Correa, and Officers Peffley and Hernandez.

9      However, Plaintiff fails to state a conspiracy claim against Officer Bittner, Appeals

10  Coordinator Martella, Chief of Inmate Appeals Voong, and SVSP Warden.  Plaintiff's

11  only specific allegation regarding Officer Bittner is that Officer Bittner opened the food

12  slot to allow Officer Peffley to throw a grenade into Plaintiff's cell.  There are no specific

13  allegations regarding Officer Bittner trying to cover up the use of excessive force.  A bare

14  allegation that Officer Bittner conspired to violate Plaintiff's constitutional right, without

15  more, will not give rise to a conspiracy claim under § 1983.  The conspiracy claim against

16  Officer Bittner is DISMISSED with leave to amend if Plaintiff can truthfully do so. *See,*

17  *e.g., McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004) ("Leave to

18  amend should be granted unless the pleading could not possibly be cured by the allegation

19  of other facts, and should be granted more liberally to pro se plaintiffs.").

20      Plaintiff alleges that Inmate Appeals Coordinator Martella and Inmate Appeals

21  Chief Voong improperly denied his grievance as untimely as part of the conspiracy to

22  cover up the use of excessive force. (Docket No. 1 at 7–9.)  But, as discussed above,

23  even if Martella and Voong had the discretion to accept Plaintiff's excessive grievance,

24  their denial of his grievance was also in accordance with prison regulations.  A bare

25  allegation that Martella and Voong's lawful denial of Plaintiff's grievance had an

26  unlawful motive will not give rise to a cognizable § 1983 conspiracy claim.  The

27  conspiracy claim against Inmate Appeals Coordinator Martella and Inmate Appeals Chief

28  Voong is DISMISSED with prejudice.

1    Plaintiff's only specific allegation against SVSP Warden is that he was
2    deliberately indifferent to inmate safety by authorizing the use of explosive devices in
3    "use of force situations."  There are no allegations that SVSP Warden knew of the use of
4    excessive force, much less that he attempted to cover up the use of excessive force.  A
5    bare allegation that SVSP Warden conspired to violate Plaintiff's constitutional right,
6    without more, will not give rise to a conspiracy claim under § 1983.  The conspiracy
7    claim against SVSP Warden is DISMISSED with leave to amend if Plaintiff can
8    truthfully do so.
9        5.    42 U.S.C. 1985(3)
10    Plaintiff alleges that all Defendants have conspired to cover up the fact that they
11    "tossed an explosive device into a 6x12 closed prison cell with two human occupants
12    inside." (Docket No. 1 at 11.)  "To state a cause of action under § 1985(3), a complaint
13    must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal
14    protection of the laws, or of equal privileges and immunities under the laws, (3) an act by
15    one of the conspirators in furtherance of the conspiracy, and (4) a personal injury,
16    property damage or a deprivation of any right or privilege of a citizen of the United
17    States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v.*
18    *Breckenridge*, 403 U.S. 88, 102–03 (1971); *see also Sever v. Alaska Pulp Corp.*, 978 F.2d
19    1529, 1536 (9th Cir. 1992).  "The language requiring intent to deprive of equal protection
20    . . . means that there must be some racial, or perhaps otherwise class-based invidiously
21    discriminatory animus behind the conspirators' action." *Griffin*, 403 U.S. at 102
22    (emphasis added); *see also Sever*, 978 F.2d at 1536.  Plaintiff has failed to state a
23    cognizable claim under § 1985(3) as he has failed to allege a class-based discriminatory
24    motive.  Plaintiff's 42 U.S.C. § 1985(3) claim is therefore DISMISSED with leave to
25    amend the noted deficiency if Plaintiff can truthfully do so.
26        6.    Doe Defendants
27    With respect to the "Doe" Defendants, although the use of "John Doe" to identify
28    a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637,

642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corr.*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie, 629 F.2d at 642; Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Accordingly, Doe Defendants 1–10 are DISMISSED from this action. If, through discovery, Plaintiff is able to identify the unknown defendants, he may then motion the Court for leave to amend to name the intended defendants and to issue summons upon them. *See Gillespie*, 629 F.2d at 642; *Barsten v. Dep't of the Interior*, 896 F.2d 422, 423–24 (9th Cir. 1990). However, the Court notes that Plaintiff has failed to identify Doe Defendants 1–10 with any sort of particularity. He does not identify what constitutional rights they violated, or describe how they violated such right. Should Plaintiff seek leave to amend to name the intended defendants, he must also, in a short and plain statement, give the newly named defendants fair notice of the claim and the grounds upon which it rests. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.      Liberally construed, Plaintiff's complaint states Eighth Amendment claims against Officers Peffley and Hernandez for use of excessive force; against Officer Bittner and SVSP Warden for deliberate indifference to inmate safety; and a conspiracy claim under § 1983 against Lieutenant Stevenson, Sergeant Correa, and Officers Peffley and Hernandez.

The § 1983 conspiracy claim against Officer Bittner and SVSP Warden is DISMISSED with leave to amend if Plaintiff can truthfully do so. The § 1985(3) conspiracy claim against all Defendants is DISMISSED with leave to amend if Plaintiff can truthfully do so.

1         Plaintiff's claims against Inmate Appeals Coordinator Martella and Inmate

2 Appeals Chief Voong are DISMISSED with prejudice.  The Clerk shall terminate Inmate

3 Appeals Coordinator Martella and Inmate Appeals Chief Voong from this action.

4         Doe Defendants 1–10 are DISMISSED without prejudice.  If Plaintiff can identify

5 the Doe Defendants, Plaintiff may request leave to amend to name the intended

6 defendants and to issue summons upon them.

7         2.      If Plaintiff wishes to amend his § 1983 conspiracy claim against Officer

8 Bittner and SVSP Warden, he must file an amended complaint **within thirty (30) days**

9 from the date this order is filed.  The amended complaint must include the caption and

10 civil case number used in this order (15-02024 BLF (PR)) and the words FIRST

11 AMENDED COMPLAINT on the first page.  **An amended complaint completely**

12 **replaces the previous complaints.**  Plaintiff must therefore include in his amended

13 complaint all the claims he wishes to present and all of the defendants he wishes to sue,

14 including the claims which the Court has already found cognizable.  *See Ferdik v.*

15 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material

16 from the prior complaint by reference.  Claims and defendants not included in the First

17 Amended Complaint will not be considered by the Court.  *See King v. Atiyeh*, 814 F.2d

18 565, 567 (9th Cir. 1987).  The amended complaint must be simple, concise and direct and

19 must state clearly and succinctly how each and every Defendant is alleged to have

20 violated Plaintiff's federally-protected rights.  *See* Fed. R. Civ. P. 8(a)(2).

21         **Failure to file an amended complaint within thirty days and in accordance**

22 **with this order will result in a finding that further leave to amend would be futile.**

23 **The action will therefore proceed only on the cognizable claims identified above.**

24         The Clerk of the Court is directed to send Plaintiff a blank civil rights complaint

25 form with his copy of this Order.

26         3.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for

27 Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy

28 of the complaint, all attachments thereto, and a copy of this order upon **Defendants**

1  **Officers Peffley, Hernandez, and Bittner; Lieutenant Stevenson, Sergeant Correa;**
2  **and SVSP Warden at Salinas Valley State Prison (P. O. Box 1020, Soledad, CA**
3  **93960-1020)**. The Clerk shall also mail a copy of this Order to Plaintiff.

4          4.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil
5  Procedure requires them to cooperate in saving unnecessary costs of service of the
6  summons and the complaint.  Pursuant to Rule 4, if Defendants, after being notified of
7  this action and asked by the Court, on behalf of Plaintiff, to waive service of the
8  summons, fail to do so, they will be required to bear the cost of such service unless good
9  cause shown for their failure to sign and return the waiver form.  If service is waived, this
10 action will proceed as if Defendants had been served on the date that the waiver is filed,
11 except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file
12 an answer before **sixty (60) days** from the day on which the request for waiver was sent.
13 (This allows a longer time to respond than would be required if formal service of
14 summons is necessary.)  Defendants are asked to read the statement set forth at the foot of
15 the waiver form that more completely describes the duties of the parties with regard to
16 waiver of service of the summons.  If service is waived after the date provided in the
17 Notice but before Defendants have been personally served, the Answer shall be due **sixty**
18 **(60) days** from the date on which the request for waiver was sent or **twenty (20) days**
19 from the date the waiver form is filed, whichever is later.

20         5.      No later than **ninety (90) days** from the date of this order, Defendants shall
21 file a motion for summary judgment or other dispositive motion with respect to the claims
22 in the complaint found to be cognizable above.

23              a.      Any motion for summary judgment shall be supported by adequate
24 factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of
25 Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor
26 qualified immunity found, if material facts are in dispute.  If Defendants are of the
27 opinion that this case cannot be resolved by summary judgment, they shall so inform the
28 Court prior to the date the summary judgment motion is due.

Order of Partial Service
G:\PRO-SE\BLF\CR.15\02024Soto_partial svc.wpd            12

1          b.    **In the event Defendants file a motion for summary judgment, the**

2  **Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate**

3  **warnings under** *Rand v. Rowland*, **154 F.3d 952, 963 (9th Cir. 1998) (en banc).** *See*

4  *Woods v. Carey*, **684 F.3d 934, 940 (9th Cir. 2012).**[1]

5        6.    Plaintiff's opposition to the dispositive motion shall be filed with the Court

6  and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'

7  motion is filed.

8        Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure

9  and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary

10  judgment must come forward with evidence showing triable issues of material fact on

11  every essential element of his claim). Plaintiff is advised that a motion for summary

12  judgment under Rule 56 will, if granted, end your case. Rule 56 tells you what you must

13  do in order to oppose a motion for summary judgment. Generally, summary judgment

14  must be granted when there is no genuine issue of material fact — that is, if there is no

15  real dispute about any fact that would affect the result of your case, the party who asked

16  for summary judgment is entitled to judgment as a matter of law, which will end your

17  case. When a party you are suing makes a motion for summary judgment that is properly

18  supported by declarations (or other sworn testimony), you cannot simply rely on what

19  your complaint says. Instead, you must set out specific facts in declarations, depositions,

20  answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that

21  contradict the facts shown in the defendants' declarations and documents and show that

---

24 [1]If Defendants assert that Plaintiff failed to exhaust his available administrative
remedies as required by 42 U.S.C. § 1997e(a), Defendants must raise such argument in a
25 motion for summary judgment, pursuant to the Ninth Circuit's recent opinion in *Albino v.*
*Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d
26 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative
remedies under the Prison Litigation Reform Act, should be raised by a defendant as an
27 unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified
*Wyatt* notice in light of *Albino*. *See Wyatt*, 315 F.3d at 1120 n.14; *Stratton v. Buck*, 697
28 F.3d 1004, 1008 (9th Cir. 2012).

1 | there is a genuine issue of material fact for trial.  If you do not submit your own evidence

2 | in opposition, summary judgment, if appropriate, may be entered against you.  If

3 | summary judgment is granted, your case will be dismissed and there will be no trial.

4 | *Rand*, 154 F.3d at 962–63 (App. A).

5 |      (The *Rand* notice above does not excuse Defendants' obligation to serve said

6 | notice again concurrently with a motion for summary judgment.  *Woods*, 684 F.3d at

7 | 939).

8 |      Plaintiff is cautioned that failure to file an opposition to Defendants' motion for

9 | summary judgment may be deemed to be a consent by Plaintiff to the granting of the

10 | motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*,

11 | 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th

12 | Cir. 1994).

13 |      7.    Defendants *shall* file a reply brief no later than **fourteen (14) days** after

14 | Plaintiff's opposition is filed.

15 |      8.    The motion shall be deemed submitted as of the date the reply brief is due.

16 | No hearing will be held on the motion unless the Court so orders at a later date.

17 |      9.    All communications by the Plaintiff with the Court must be served on

18 | Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

19 | copy of the document to Defendants or Defendants' counsel.

20 |      10.    Discovery may be taken in accordance with the Federal Rules of Civil

21 | Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or

22 | Local Rule 16-1 is required before the parties may conduct discovery.

23 |      11.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

24 | court informed of any change of address and must comply with the Court's orders in a

25 | timely fashion.  Failure to do so may result in the dismissal of this action for failure to

26 | prosecute pursuant to Federal Rule of Civil Procedure 41(b).

27 | //

28 | //

Order of Partial Service
G:\PRO-SE\BLF\CR.15\02024Soto_partial svc.wpd     14

1       12.    Extensions of time must be filed no later than the deadline sought to be

2   extended and must be accompanied by a showing of good cause.

3       **IT IS SO ORDERED.**

4

5   DATED: _____

6                              BETH LABSON FREEMAN
                           United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Partial Service
G:\PRO-SE\BLF\CR.15\02024Soto_partial svc.wpd         15