IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSHUA A. SOTO,

Plaintiff,

v.

WARDEN OF SALINAS VALLEY STATE PRISON, et al.,

Defendants.

No. C 15-02024 BLF (PR)

**ORDER DENYING REQUEST FOR RESTRAINING ORDER WITHOUT PREJUDICE; GRANTING EXTENSION OF TIME TO FILE OPPOSITION**

(Docket No. 30)

Plaintiff, a state prisoner at Salinas Valley State Prison ("SVSP"), filed the instant civil rights action in *pro se* pursuant to 42 U.S.C. § 1983. The Court found cognizable claims against Defendants Peffley, Hernandez, Bittner, SVSP Warden, Lt. Stevenson, and Sgt. Correa, and ordered them to file a dispositive motion or notice regarding such motion. (Docket No. 7.) On September 29, 2015, Defendants filed motions for summary judgment, (Docket Nos. 23, 28), to which Plaintiff's opposition is due no later than October 27, 2015. (*See* Docket No. 7 at 13, ¶ 6.)

On October 5, 2015, Plaintiff filed a letter "informing the Court that Defendants took all [his] legal materials attempting to delay access to the courts [*sic*]." (Docket No. 30 at 1.) Plaintiff claims that Defendants were involved in a cell search on October 1, 2015, during which they confiscated his property and legal material. (*Id.* at 1-2.)

According to Plaintiff, "I.G.I. [Institutional Gang Investigators] Officers Ross and 'Salao'" conducted the actual cell search. (*Id.* at 2.) Plaintiff asserts that Defendants had a "clear conflict of interest" and had "biased reasons of retaliation/reprisal." (*Id.*) Plaintiff requests a restraining order "against any harrassment [*sic*] by all the defendants." (*Id.*)

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction or temporary restraining order ("TRO"). The standard for issuing a TRO is similar to that required for a preliminary injunction. See Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Here, Plaintiff has failed to establish any of the above factors for issuance of a TRO. Furthermore, it is unclear whether the cell search was in any way related to this action since the purported reason was an investigation by the I.G.I., and the officers who conducted the actual cell search were I.G.I. officers. (Docket No. 30 at 1-2.) Accordingly, the motion for a TRO is **DENIED** without prejudice.

Since it appears that Plaintiff is temporarily without his legal material and may require more time to prepare his opposition, the Court *sua sponte* grants an extension of time to do so. Plaintiff's opposition is due **no later than November 24, 2015**, which is an extension of twenty-eight days from the original due date of October 27, 2015.

Defendants shall file a reply brief no later than fourteen (14) days after Plaintiff's opposition is filed.

**IT IS SO ORDERED.**

DATED: Oct 13, 2015

BETH LABSON FREEMAN
United States District Judge