1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          NORTHERN DISTRICT OF CALIFORNIA
10

11   JOSHUA S. SOTO,                          Case No. 15-02024 BLF (PR)
                 Plaintiff,
12                                            **ORDER GRANTING DEFENDANTS'
            v.                                MOTION FOR SUMMARY
13                                            JUDGMENT**
     WARDEN OF SALINAS VALLEY
14   STATE PRISON, et al.,
15               Defendants.
16                                            (Docket Nos. 23 & 28)
17

18         Plaintiff, a state prisoner at Salinas Valley State Prison ("SVSP"), filed a *pro se*

19   civil rights complaint under 42 U.S.C. § 1983.  The Court found the complaint stated

20   cognizable claims under the Eighth Amendment for excessive force and deliberate

21   indifference to inmate safety, and a conspiracy claim.[1]  (ECF No. 7 at 10.)  Defendants

22   Bittner, Hernandez, Peffley, and Stevenson filed a motion for summary judgment on the

23   grounds that Plaintiff failed to exhaust administrative remedies.  (ECF No. 23.)  Defendant

24   Correa filed a separate motion for summary judgment also arguing that Plaintiff failed to

25
26   _____
     [1] The Court also dismissed with leave to amend a conspiracy claim against Defendants
27   Bittner and the SVSP Warden.  (Docket No. 7 at 10-11.)  Plaintiff did not file an amended
     complaint in the time provided.  Accordingly, the action proceeded only on the claims
28   found cognizable in the Court's Order of Partial Dismissal as identified above.

*(left margin, vertical)* United States District Court  Northern District of California

United States District Court
Northern District of California

1  exhaust administrative remedies, and that there is no evidence that he was involved in a

2  conspiracy. (ECF No. 28.) Plaintiff filed a single opposition to both motions, (ECF No.

3  35), and Defendants filed separate replies, (ECF Nos. 38 and 40). For the reasons stated

4  below, Defendants' motions for summary judgment are GRANTED.

5

6                                  **DISCUSSION**

7  **I.    Plaintiff's Claims**

8       Plaintiff claims that on June 26, 2014, Defendants Correctional Officers Peffley and

9  Bittner ran over to his cell and ordered Plaintiff and his cellmate to get down. (ECF No. 1

10  at 10.) Plaintiff complied with the officers' orders. (*Id.* at 10, 37-38.) Officer Peffley then

11  threw a tear gas grenade into Plaintiff's cell via the cell door's food slot. (*Id.* at 3, 10.)

12  The grenade exploded, causing Plaintiff's clothing to catch on fire and resulting in severe

13  burns to Plaintiff's legs. (*Id.* at 3, 10-12.) Then Defendants Peffley, Bittner, and

14  Hernandez, and other unidentified correctional officers, sprayed Plaintiff with propellant

15  "O.C. Pepper Spray," which caused the flames to accelerate. (*Id.* at 11.)

16       Plaintiff claims that Defendants conspired to hide evidence of the fire that was

17  caused by the tear gas grenade. (*Id.* at 13.) He claims that Defendant Lt. J. Stevenson

18  reviewed all reports related to this incident and edited the incident reports to hide the fact

19  that the use of the grenade set Plaintiff on fire. (*Id.* at 11.) Plaintiff also claims that

20  Defendant Sgt. Correa failed to include in his incident report that the use of the grenade set

21  Plaintiff on fire, and that he failed to direct other correctional officers, who are non-parties

22  to this action, to include this fact in their incident reports. (*Id.* at 11-12.)

23       Based on these allegations, the Court found Plaintiff stated cognizable Eighth

24  Amendment claims of excessive force for the use of the gas grenade and pepper spray and

25  for deliberate indifference to inmate safety for the failure to intervene during the use of

26  excessive force and for authorizing the use of explosive devices. (ECF No. 7 at 5.) The

27  Court also found cognizable Plaintiff's conspiracy claim based on the allegation that

28                                       2

1    Defendants deliberately omitted from their incident reports the fact that Plaintiff had been

2    set on fire by the use of a grenade.  (*Id.* at 8.)

3    **II.    <u>Summary Judgment</u>**

4         Summary judgment is proper where the pleadings, discovery and affidavits show

5    that there is "no genuine dispute as to any material fact and the movant is entitled to

6    judgment as a matter of law." Fed. R. Civ. P. 56(a).  A court will grant summary judgment

7    "against a party who fails to make a showing sufficient to establish the existence of an

8    element essential to that party's case, and on which that party will bear the burden of proof

9    at trial . . . since a complete failure of proof concerning an essential element of the

10   nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v.*

11   *Cattrett*, 477 U.S. 317, 322-23 (1986).  A fact is material if it might affect the outcome of

12   the lawsuit under governing law, and a dispute about such a material fact is genuine "if the

13   evidence is such that a reasonable jury could return a verdict for the nonmoving party."

14   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

15        Generally, the moving party bears the initial burden of identifying those portions of

16   the record which demonstrate the absence of a genuine issue of material fact.  *See Celotex*

17   *Corp.*, 477 U.S. at 323.  Where the moving party will have the burden of proof on an issue

18   at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other

19   than for the moving party.  But on an issue for which the opposing party will have the

20   burden of proof at trial, the moving party need only point out "that there is an absence of

21   evidence to support the nonmoving party's case." *Id.* at 325.  If the evidence in opposition

22   to the motion is merely colorable, or is not significantly probative, summary judgment may

23   be granted. *See Liberty Lobby*, 477 U.S. at 249-50.

24        The burden then shifts to the nonmoving party to "go beyond the pleadings and by

25   her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on

26   file,' designate specific facts showing that there is a genuine issue for trial.'" *Celotex*

27   *Corp.*, 477 U.S. at 324 (citations omitted).  If the nonmoving party fails to make this

28                                                    3

United States District Court
Northern District of California

1    showing, "the moving party is entitled to judgment as a matter of law." *Id.* at 323.

2    The Court's function on a summary judgment motion is not to make credibility

3    determinations or weigh conflicting evidence with respect to a material fact. *See T.W.*

4    *Elec. Serv., Inc. V. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

5    The evidence must be viewed in the light most favorable to the nonmoving party, and the

6    inferences to be drawn from the facts must be viewed in a light most favorable to the

7    nonmoving party. *See id.* at 631. It is not the task of the district court to scour the record

8    in search of a genuine issue of triable fact. *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir.

9    1996). The nonmoving party has the burden of identifying with reasonable particularity

10   the evidence that precludes summary judgment. *Id.* If the nonmoving party fails to do so,

11   the district court may properly grant summary judgment in favor of the moving party. *See*

12   *id.; see, e.g., Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1028-29

13   (9th Cir. 2001).

14       **A.    Exhaustion**

15   The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to

16   provide that "[n]o action shall be brought with respect to prison conditions under [42

17   U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or

18   other correctional facility until such administrative remedies as are available are

19   exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and no longer left to the

20   discretion of the district court. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v.*

21   *Churner*, 532 U.S. 731, 739 (2001)). "Prisoners must now exhaust all 'available'

22   remedies, not just those that meet federal standards." *Id.* Even when the relief sought

23   cannot be granted by the administrative process, i.e., monetary damages, a prisoner must

24   still exhaust administrative remedies. *Id.* at 85-86 (citing *Booth*, 532 U.S. at 734). The

25   PLRA's exhaustion requirement requires "proper exhaustion" of available administrative

26   remedies. *Id.* at 93.

27       The California Department of Corrections and Rehabilitation ("CDCR") provides

28                                          4

United States District Court
Northern District of California

1   its inmates and parolees the right to appeal administratively "any departmental decision,

2   action, condition, or policy which they can demonstrate as having an adverse effect upon

3   their welfare." Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the right

4   to file administrative appeals alleging misconduct by correctional officers. *See id.* §

5   3084.1(e).  Under the current regulations, in order to exhaust available administrative

6   remedies within this system, a prisoner must submit his complaint on CDCR Form 602

7   (referred to as a "602") and proceed through three levels of appeal: (1) first formal level

8   appeal filed with one of the institution's appeal coordinators, (2) second formal level

9   appeal filed with the institution head or designee, and (3) third formal level appeal filed

10  with the CDCR director or designee. *Id.* § 3084.7.

11       The filing of an untimely grievance or appeal is not proper exhaustion. *See*

12  *Woodford v. Ngo*, 548 U.S. at 83-84.  A prisoner must complete the administrative review

13  process in accordance with the applicable procedural rules, including deadlines, as a

14  precondition to bringing suit in federal court. *Id.*; *see also Johnson v. Meadows*, 418 F.3d

15  1152, 1159 (11th Cir. 2005) (holding that, to exhaust remedies, a prisoner must file appeals

16  in the place, and at the time, the prison's administrative rules require); *Spruill v. Gillis*, 372

17  F.3d 218, 230 (3d Cir. 2004) (same); *Ross v. County of Bernalillo*, 365 F.3d 1181, 1185-86

18  (10th Cir. 2005) (same);  *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)

19  (same).

20       Nonexhaustion under § 1997e(a) is an affirmative defense. *Jones v. Bock*,

21  549 U.S. 199, 211 (2007).  Defendants have the burden of raising and proving the absence

22  of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion

23  in their complaints. *Jones*, 549 U.S. at 215-17.  In the rare event that a failure to exhaust is

24  clear on the face of the complaint, a defendant may move for dismissal under Rule

25  12(b)(6) of the Federal Rules of Civil Procedure. *Albino v. Baca*, 747 F.3d 1162, 1166

26  (9th Cir. 2014) (en banc).  Otherwise, defendants must produce evidence proving failure to

27  exhaust in a motion for summary judgment under Rule 56 of the Federal Rules of Civil

28

United States District Court
Northern District of California

1    Procedure. *Id.* If undisputed evidence viewed in the light most favorable to the prisoner

2    shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. *Id.*

3    at 1166. But if material facts are disputed, summary judgment should be denied and the

4    district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.*

5        The defendant's burden is to prove that there was an available administrative

6    remedy and that the prisoner did not exhaust that available administrative remedy. *Id.* at

7    1172; *see id.* at 1176 (reversing district court's grant of summary judgment to defendants

8    on issue of exhaustion because defendants did not carry their initial burden of proving their

9    affirmative defense that there was an available administrative remedy that prisoner

10    plaintiff failed to exhaust); *see also Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005)

11    (as there can be no absence of exhaustion unless some relief remains available, movant

12    claiming lack of exhaustion must demonstrate that pertinent relief remained available,

13    whether at unexhausted levels or through awaiting results of relief already granted as result

14    of that process). Once the defendant has carried that burden, the prisoner has the burden of

15    production. *Albino*, 747 F.3d at 1172. That is, the burden shifts to the prisoner to come

16    forward with evidence showing that there is something in his particular case that made the

17    existing and generally available administrative remedies effectively unavailable to him.

18    *Id.* But as required by *Jones*, the ultimate burden of proof remains with the defendant. *Id.*

19        **B.    Motion by Defendants Bittner, Hernandez, Peffley, and Stevenson**

20        Defendants Bittner, Hernandez, Peffley, and Stevenson argue that Plaintiff failed to

21    exhaust his administrative remedies with respect to the claims against them. (ECF No. 23

22    at 4-5.) The claims against these Defendants are as follows: Defendants Peffley and

23    Hernandez used excessive force; Defendant Bittner acted with deliberate indifference to

24    inmate safety for failing to intervene; and a conspiracy claim against Defendants

25    Stevenson, Peffley and Hernandez. (ECF No. 7 at 10.) Defendants point to the fact that

26    Plaintiff relies on inmate appeal Nos. SVSP-14-3437 and SVSP-14-3640, and argue that

27    these two appeals do not constitute proper exhaustion because they were appropriately

28                                                    6

United States District Court
Northern District of California

United States District Court
Northern District of California

dismissed or cancelled as untimely.  (*Id.*, citing Compl. at 1-2.)

### 1.    Appeal No. SVSP-14-3437

Plaintiff submitted inmate appeal No. SVSP-14-3437 on August 3, 2014.  (ECF No. 1 at 31.)  In this appeal, Plaintiff complained that on June 26, 2014, "staff (see attache[d] CDC-115 #FB-14-06-0074) did use an explosive device… causing sever [*sic*] burns to my lower body."  (*Id.*)  The referenced attachment, a copy of the Rules Violation Report ("RVR") issued to Plaintiff for "willfully obstructing/delaying/resisting a peace officer in performance of duties," identified Defendants Bittner, Heranandez and Peffley as the involved staff.  (*Id.* at 36.)  Plaintiff also alleged that the incident stemmed from uncorroborated and unreliable information, that Acting Warden Muniz was indifferent to proper investigation techniques, and that less dangerous methods could have been used to remove him and his cellmate from the cell.  (*Id.* at 33.)  Plaintiff sought monetary compensation for pain and suffering, and the issuance of a revised incident report (CDCR-837) reflecting that there was no justification for the use of force.  (*Id.* at 31, 33.)  Based upon these allegations, it could be said that this appeal, liberally construed, includes the same subject and request for relief with respect to the claims of excessive force and deliberate indifference to inmate safety in the instant action.  *See Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).  However, the appeal was cancelled on the basis that time limits were exceeded.  (*Id.* at 41.)

Defendants assert that under California Code of Regulations, title 15, section 3084.8(a), an inmate is required to submit an appeal within thirty calendar days of the occurrence of the event being appealed.  (ECF No. 23 at 5.)  The underlying incident occurred on June 26, 2014, and Plaintiff submitted inmate appeal No. SVSP-14-3437 thirty-eight days later, on August 3, 2014.  Accordingly, since Plaintiff filed appeal No. SVSP-14-3437 more than thirty days after the event occurred, his appeal was denied as untimely.  Defendants have met their burden of showing that there was an available administrative remedy and that Plaintiff did not exhaust that available administrative

1    remedy. *Albino*, 747 F.3d  at 1172.  The burden shifts to Plaintiff to show that there is

2    something in his particular case that made the existing and generally available

3    administrative remedies effectively unavailable to him. *Id.*

4          Plaintiff asserts in his complaint and opposition that he had a good-faith belief that

5    an exception to normal time constraints under § 3084.9(g)(1) applied to his inmate appeal

6    because he had received an RVR following the incident on June 26, 2014.  (ECF No. 1 at

7    7-8; Opp. at 12-14.)  Section 3084.9(g)(1) states that "[a] disciplinary action cannot be

8    appealed until the hearing process is completed, including any re-hearing."  Cal. Code

9    Regs. tit. 15, § 3084.9(g)(1) (2014).  According to the clear language, this section prohibits

10   an inmate from grieving a disciplinary action until the whole process is completed, which

11   implies that an inmate may appeal an RVR once disciplinary proceedings have concluded

12   even if more than thirty days have passed since the subject RVR was issued, hence the

13   "exception" to the thirty-day rule.  Defendants argue that Plaintiff did not actually

14   challenge the issuance of the RVR or the resulting disciplinary hearings in inmate appeal

15   No. SVSP-14-3437, and therefore § 3084.9(g)(1) does not apply and the appeal was

16   properly dismissed as untimely.  (ECF No. 23 at 5.)

17         The Court agrees with Defendants.  Plaintiff did not ultimately challenge the

18   disciplinary action; he challenged the use of excessive force that occurred during the

19   underlying incident.  Although Plaintiff was required under § 3084.9(g)(1) to wait until

20   disciplinary proceedings were completed to challenge the RVR, there was nothing

21   prohibiting him from immediately appealing staff misconduct that occurred during the

22   underlying incident and be in compliance with the time constraints provided by §

23   3084.8(a).  Plaintiff's assertion in opposition that "his issue automatically became a

24   disciplinary matter" because he received an RVR, (Opp. at 7), is simply not supported by

25   the language of §3084.9(g)(1), nor does he cite to any other regulation that supports his

26   argument.

27         Plaintiff only asserts that he reasonably believed in "good-faith" that he had to wait

28

United States District Court
Northern District of California

1   based on his own interpretation of § 3084.9(g)(1).  In support, Plaintiff cites to *Nunez v.*

2   *Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010), and *Ngo v. Woodford*, 403 F.3d 620 (9th

3   Cir. 2005).  (Opp. at 13.)  However, *Ngo v. Woodford*, 403 F.3d 620, was reversed by

4   *Woodford v. Ngo*, 548 U.S. at 103, and is no longer good law.  Secondly, *Nunez* does not

5   apply because the prisoner in that case filed an untimely appeal as a result of the warden's

6   mistake, which rendered the prisoner's administrative remedies effectively "unavailable."

7   591 F.3d at 1226 ) (where prison warden incorrectly implied that inmate needed access to a

8   nearly unobtainable prison policy in order to bring a timely administrative appeal, "the

9   Warden's mistake rendered Nunez's administrative remedies effectively unavailable").

10  Here, Plaintiff does not allege that he relied on a prison official's incorrect explanation of

11  the regulations; rather, Plaintiff relied on his own interpretation.  Plaintiff provides no

12  relevant legal support for the notion that a prisoner's incorrect understanding of time

13  constraints which results in his filing an untimely appeal excuses exhaustion.

14      Plaintiff was ultimately found not guilty of the RVR which was then dismissed.

15  (ECF No. 1 at 35.)  Plaintiff argues that he needed to wait for the results of the disciplinary

16  proceedings because "[w]ithout an exoneration the defendants would have had a defense

17  for the use of an explosive device," and therefore § 3084.9(g)(1) seemed reasonably

18  applicable to his case. (ECF No. 1 at 7.)  However, Plaintiff was not required to obtain an

19  exoneration of the RVR before filing an appeal complaining of staff misconduct that

20  occurred during the underlying incident.  Section 3084.9(g)(1) clearly states that appeals

21  attacking a "disciplinary action" may not be filed before all proceedings thereon have been

22  completed.  It does not state that appeals regarding official conduct that allegedly occurred

23  during the same events underlying the disciplinary action, as in Plaintiff's case, must also

24  be stayed.  Defendants point to two relevant decisions by our sister court rejecting this

25  proposition based upon its finding that the disciplinary action and official conduct were

26  distinct and unrelated matters.  (ECF No. 23 at 6.)  The Court finds these decisions

27  persuasive, and agrees that § 3084.9(g)(1)" cannot reasonably be construed to stay the time

28

1    for challenging allegedly contemporaneous official misconduct." (ECF No. 23 at 6, citing

2    *Avery v. Moreno*, No. 2:12-cv-3083 KJN P, 2014 U.S. Dist. LEXIS 12422, at *20-21 (E.D.

3    Cal. Jan. 31, 2014).)   As discussed above, Plaintiff's reliance on § 3084.9(g)(1), even if in

4    "good-faith," does not excuse his untimely filing under the regulations. *See supra* at 8-9.

5    Plaintiff had the opportunity to file a timely appeal complaining of Defendants'

6    misconduct within thirty days of the incident, but he failed to do so.  Accordingly, inmate

7    appeal No. SVSP-14-3437, as an untimely filed appeal, does not satisfy the PLRA's

8    requirement that Plaintiff must properly exhaust all available administrative remedies

9    before filing suit in federal court with respect to his claims of excessive force and

10   deliberate indifference to inmate safety against Defendants Bittner, Hernandez, and

11   Peffley. *See Woodford v. Ngo*, 548 U.S. at 83-84.

12          Defendants also assert that no mention of Defendant Stevenson or any claim of

13   conspiracy involving falsified reports against him and Defendants Hernandez and Peffley

14   are made in appeal No. SVSP-14-3437.  (Opp. at 7.)  Defendants argue that this appeal

15   therefore does not exhaust Plaintiff's conspiracy claim.  (ECF No. 23 at 6-7.)  Defendants

16   are correct.  Administrative remedies may not be exhausted where the grievance, liberally

17   construed, does not have the same subject and same request for relief. *See, e.g., Morton v.*

18   *Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (grievance that complained of visitation

19   restrictions, and did not mention an assault or theorize that the visitation restriction

20   imposed was related to the assault, was insufficient to put prison officials on notice that

21   staff conduct contributed to the assault); *O'Guinn v. Lovelock Correctional Center*, 502

22   F.3d 1056, 1062-63 (9th Cir. 2007) (even with liberal construction, grievance requesting a

23   lower bunk due to poor balance resulting from a previous brain injury was not equivalent

24   to, and therefore did not exhaust administrative remedies for, claims of denial of mental

25   health treatment in violation of the ADA and Rehabilitation Act).  Here, Plaintiff did not

26   discuss or mention any claim of conspiracy in inmate appeal No. SVSP-14-3437, nor make

27   any allegation that Defendant Stevenson, or any other Defendant, falsified his report in

28

United States District Court
Northern District of California

order to cover-up the use of excessive force. Plaintiff has failed in opposition to show that there was something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him. *Albino*, 747 F.3d at 1172. Accordingly, this inmate appeal does not constitute exhaustion of Plaintiff's conspiracy claim against any of these Defendants.

### 2.   Inmate Appeal No. SVSP-14-3640

Plaintiff submitted inmate appeal No. SVSP-14-3640 on August 17, 2014. (ECF No. 1 at 24.) In this appeal, Plaintiff appealed the cancellation of appeal No. SVSP-14-3437, as permitted under the regulations. (*Id.*; ECF No. 23 at 7.) Specifically, Plaintiff alleged that § 3084.9(g)(1) applied such that the appeal was not untimely, and that the appeals coordinator was acting in a conspiracy to cover up the actions of the staff involved in the June 26, 2014 incident. (ECF No. 1 at 27.) Plaintiff did not identify anyone else by name, including any of the Defendants, nor make any of the specific allegations raised in this action. (*Id.*) He requested that an associate warden review his appeal and that appeal No. SVSP-14-3437 be reinstated. (*Id.* at 24, 27.) The appeal was partially granted at the second level of review in that an associate warden reviewed the matter, but his request for reinstatement was denied on the basis that appeal No. SVSP-14-3437 had been appropriately cancelled. (*Id.* at 28-29.) Plaintiff appealed the matter to the third level, which initially rejected it because it was missing necessary supporting documents. (*Id.* at 23.) Plaintiff was afforded an opportunity to resubmit the appeal within thirty days of rejection. (*Id.*) Plaintiff resubmitted the matter, but exceeded the time constraint by four days; accordingly, the third level canceled the appeal as untimely. (*Id.*)

With respect to Plaintiff's allegation that inmate appeal No. SVSP-14-3437 was improperly screened-out, administrative remedies may be considered effectively unavailable if prison officials improperly screen out an inmate's appeals such that the inmate cannot properly complete the grievance process. *Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010); *see, e.g.*, *id.* at 823-24 (where prison officials declined to reach the

merits of a particular grievance "for reasons inconsistent with or unsupported by applicable regulations, administrative remedies were "effectively unavailable"). To satisfy this exception to exhaustion, an inmate must show: "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." *Id.* As discussed above, inmate appeal No. SVSP-14-3437 was screened out because Plaintiff had exceeded time constraints under § 3084.8(a). *See supra* at 8. There is no dispute that Plaintiff did in fact file the appeal after the thirty-days period had expired. Furthermore, it cannot be said that the exception to this thirty-day rule under § 3084.9(g)(1) applies when the appeal did not challenge a disciplinary action and that section "cannot reasonably be construed to stay the time for challenging allegedly contemporaneous official misconduct." *Id.* at 9-10. Accordingly, it cannot be said that Plaintiff has shown the second prong under *Sapp*, i.e., that prison officials screened the appeal for reasons inconsistent with or unsupported by the regulations. Plaintiff is therefore not entitled to *Sapp*'s exception to exhaustion because he has failed to show that appeal No. SVSP-14-3437 was improperly screened out as untimely.

Plaintiff's subsequent appeal No. SVSP-14-3640, which challenged the cancellation of appeal No. SVSP-14-3437, was also cancelled as untimely because Plaintiff had exceeded the time constraints by four days. *Id.* at 11. Plaintiff challenges this cancellation, asserting that the mailbox rule applies such that this appeal was timely. (ECF No. 1 at 18.) In response, Defendants argue that even if appeal No. SVSP-14-3640 had been decided at the third level, it would not have exhausted Plaintiff's claims because appeal No. SVSP-14-3437 was properly cancelled and did not address his conspiracy claim. (ECF No. 23 at 8.)

The Court finds that Plaintiff has failed to show that he is entitled to the *Sapp* exception for inmate appeal No. SVSP-14-3640 because he cannot show the first prong,

i.e., that if pursued through the levels of administrative appeals, the appeal would have suffice to exhaust the claim that he seeks to pursue in federal court.  623 F.3d at 823-24. Appeal No. SVSP-14-3640 would not have satisfied the PLRA's exhaustion requirement because it does not have the same subject and same request for relief as the instant action. *See, e.g., Morton*, 599 F.3d at 946; *O'Guinn*, 502 F.3d at 1062-63.  Inmate appeal No. SVSP-14-3640 attacks only the cancellation of Plaintiff's prior appeal based on an abuse of discretion by the appeals coordinator, who is not a party to this action.  (ECF No. 1 at 24-25.)  Although it alludes to "conspiratorial actions" by the appeals coordinator, it makes no specific allegation that any of the Defendants in this action are involved in the conspiracy or that the alleged cover-up involved falsified reports.  (*Id.*)  Plaintiff makes no argument in opposition to refute this conclusion.  Accordingly, the Court finds that appeal No. SVSP-14-3640 does not exhaust any of the claims in this action.

### 3.   Conclusion

In conclusion, the undisputed evidence viewed in the light most favorable to Plaintiff shows that he failed to properly exhaust all available administrative remedies prior to filing the instant action with respect to his claims against Defendants Bittner, Hernandez, Peffley, and Stevenson for excessive force, deliberate indifference to inmate safety and conspiracy.  *McKinney*, 311 F.3d t 1199; *see Vaden*, 449 F.3d at 1051.  Plaintiff has failed to show otherwise.  Accordingly, Defendants are entitled to summary judgment on these claims under Rule 56 based on Plaintiff's failure to exhaust administrative remedies.  *Albino*, 747 F.3d at 1166.

### C.   Motion by Defendant Correa

Defendant Correa argues that Plaintiff failed to exhaust his administrative remedies with respect to the conspiracy claim against him.  (ECF No. 28 at 7.)  He also discusses the two inmate appeals relied on by the other Defendants, i.e., Nos. SVSP-14-3437 and SVSP-14-3640, and argues that Plaintiff failed to file a timely appeal regarding any of the claims alleged in the complaint and that the appeals did not address the alleged conspiracy claim

United States District Court
Northern District of California

13

1   against him and others.   (*Id.* at 8.)

2       The Court has thoroughly discussed the subject matter of the two relevant appeals

3   in this action in granting the other Defendants' motion for summary judgment. *See supra*

4   at 7, 11.  Neither of those appeals mentions Defendant Correa by name or discusses a

5   conspiracy claim involving him and other Defendants that involves falsified reports. (ECF

6   No. 1 at 24, 26, 31, 33).  In opposition, Plaintiff asserts that "no specific allegation[s] are

7   needed during the administrative remedies process," and cites to 42 U.S.C. § 1997. (Opp.

8   at 9.)  First of all, the specific federal statute cited by Plaintiff merely provides

9   "definitions" for terms used in that particular subchapter, and therefore does not support

10  Plaintiff's proffered argument.  Furthermore, as discussed above, administrative remedies

11  may not be exhausted where the grievance, liberally construed, does not have the same

12  subject and same request for relief. *See supra* at 10, 11.  A grievance must at least include

13  sufficient information to alert the prison to a problem and "allow prison officials to take

14  appropriate responsive measures." *Griffin*, 557 F.3d at 1120.  Neither of the appeals

15  discussed herein alerted the prison that any of the Defendants were conspiring to cover-up

16  the excessive force by preparing falsified reports. *See supra* at 7, 11.  Nor did any of the

17  appeals specifically allege that Defendant Correa improperly failed to include certain facts

18  in his report or failed to instruct other officers to include those facts in their reports. *Id.*

19  Accordingly, it cannot be said that either of these appeals satisfies the PLRA's exhaustion

20  requirement with respect to the conspiracy claim against Defendant Correa.

21      In conclusion, the undisputed evidence viewed in the light most favorable to

22  Plaintiff shows that he failed to properly exhaust all available administrative remedies

23  prior to filing the instant action with respect to his conspiracy claim against Defendant

24  Correa. *McKinney*, 311 F.3d t 1199; *see Vaden*, 449 F.3d at 1051.  Plaintiff has failed to

25  show otherwise.  Accordingly, Defendant Correa is entitled to summary judgment under

26  Rule 56 based on Plaintiff's failure to exhaust administrative remedies. *Albino*, 747 F.3d

27  at 1166.  The Court need not address Defendant Correa's separate argument that there is no

28

United States District Court
Northern District of California

1   evidence that he conspired with anyone to withhold information from the incident reports.

2   (ECF No. 28 at 8.)

3       **D.    Unserved Defendant SVSP Warden**

4       Defendant SVSP Warden has not been served in this action although it was so

5   ordered in the Court's Order of Partial Service.  (ECF No. 7 at 12.)  The only claim against

6   him is that he acted with deliberate indifference to inmate safety by authorizing the use of

7   explosive devices.  (*Id.* at 5.)

8       Summary judgment may be granted by the court *sua sponte* in favor of a

9   nonappearing party on the basis of facts presented by other defendants who have appeared.

10  *See Columbia Steel Fabricators v. Ahlstrom Recovery*, 44 F.3d 800, 802-03 (9th Cir.)

11  (affirming grant of summary judgment in favor of nonappearing defendant where plaintiff,

12  in response to summary judgment motion filed by defendant who had appeared, had "full

13  and fair opportunity to brief and present evidence" on dispositive issue as to claim against

14  nonappearing defendant), cert. denied, 516 U.S. 864 (1995); *see also Abagninin v. AMVAC*

15  *Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (holding district court properly granted

16  motion for judgment on the pleadings as to unserved defendants where such defendants

17  were in a position similar to served defendants against whom claim for relief could not be

18  stated); *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding

19  district court on its own motion may grant motion to dismiss as to defendants who have not

20  moved to dismiss where such defendants are in a position similar to that of moving

21  defendants).

22      Here, Defendant SVSP Warden is in a position similar to served Defendants who

23  have shown that they are entitled to summary judgment based on Plaintiff's failure to

24  exhaust administrative remedies.  *See supra* at 13-14.  Based on a thorough review of the

25  two inmate appeals at issue, the Court finds that Plaintiff has also failed to exhaust his

26  claim against Defendant SVSP Warden through these two grievances.  As discussed above,

27  inmate appeal No. SVSP-14-3437 was properly screened out as untimely, and therefore

28   

United States District Court
Northern District of California

15

does not constitute proper exhaustion. *See supra* at 10.  With respect to inmate appeal No. SVSP-14-3640, it makes no allegation that Defendant SVSP Warden authorized the use of explosive devices or was otherwise deliberately indifferent to Plaintiff's safety. (ECF No. 1 at 24, 26.)  The only mention of the "warden" is the suggestion that the appeals coordinator's alleged involvement in a conspiracy "shows the warden's lack of supervision of his administrators who are engaged in cover ups and blocking access to a full and fair investigation for the use of force by staff." (*Id.* at 26.)  The allegation that the warden is not properly supervising his staff is not related to the allegation that he was indifferent to inmate safety because he authorized the use of explosive devices.  As discussed above, a grievance must at least include sufficient information to alert the prison to a problem and "allow prison officials to take appropriate responsive measures." *See supra* at 14, quoting *Griffin*, 557 F.3d at 1120.  Accordingly, it cannot be said that this appeal satisfies the PLRA's exhaustion requirement with respect to the deliberate indifference claim against Defendant SVSP Warden.

Based on the foregoing, the Court *sua sponte* grants summary judgment in favor of Defendant SVSP Warden on the basis of facts presented by other Defendants who have appeared, showing that Plaintiff failed to administratively exhaust any of the claims in this action, including the claim against Defendant SVSP Warden. *See Columbia Steel Fabricators*, 44 F.3d at 802-03.

## CONCLUSION

For the reasons stated above, Defendants Bittner, Hernandez, Peffley, and Stevenson's motion for summary judgment, (Docket No. 23), and Defendant Correa's motion for summary judgment, (Docket No. 28), are GRANTED.  The claims against them are DISMISSED with prejudice.  Because unserved Defendant SVSP Warden is in a position similar to the Defendants who have appeared in this action on the issue of exhaustion, summary judgment is also granted in his favor.  The claim against him is

16

DISMISSED with prejudice.

This order terminates Docket Nos. 23 and 28.

**IT IS SO ORDERED.**

Dated: July 1, 2016

BETH LABSON FREEMAN
United States District Judge

Order Granting Def.'s Motion for Summary Judgment
PRO-SE\BLF\CR.15\02024Soto_grant-msj

United States District Court
Northern District of California

17